| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph A. Gaytan<br>11850 Maple Street<br>Whittier, California 90601<br><br>562-533-5505<br><br>**Attorney for Appellant** | <br>CV15-7250-JVS |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Joseph A. Gaytan<br><br><br>Debtor(s). | CASE NO.: 2:14-BK-32277-NB<br>ADVERSARY NO.:<br>(*if applicable*)<br>CHAPTER: 7 |
|---|---|
| | **AMENDED**<br>**NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

    Joseph A. Gaytan

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.

    ☐ Plaintiff
    ☐ Defendant
    ☐ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.

    ☑ Debtor
    ☐ Creditor
    ☐ Trustee
    ☐ Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from: Relief from Stay, Pacer Doc #74 & #77
see attached orders
2. State the date on which the judgment, order, or decree was entered: July 29, 2015 & August 27, 2015

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Joseph A Gaytan   Attorney: Pro Se
11850 Maple Street
Whittier, California 90601

2. Party: THE BANK OF NEW   Attorney: Mark D. Estle, SBN 135004
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130

Telephone: 858-720-0890; Fax: 858-720-0092; Mark.Estle@BuckleyMadole.com

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

by: [signature]   Date: 09/15/15
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Joseph A Gaytan, Pro Se

11850 Maple Street

Whittier, California 90601

562-533-5505

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Mark D. Estle, Esq. (CA Bar No. 135004)<br>Buckley Madole, P.C.<br>12526 High Bluff Drive, Suite 238<br>San Diego, CA 92130<br>Telephone (858) 720-0890<br>Facsimile (858) 720-0092<br>Mark.Estle@BuckleyMadole.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JUL 29 2015**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY huerta   DEPUTY CLERK |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>Joseph A. Gayton<br>aka Joseph Gayton<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-32277-NB<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: July 21, 2015<br>TIME: 10:00 a.m.<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
|---|---|

**Movant:** The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:   11850 Maple Street
   *Unit/suite number*:
   *City, state, zip code*:   Whittier, California 90601

   Legal description or document recording number (including county of recording):

   06-1700977, Los Angeles County

   ☐ See attached page.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                      Page 1                                          F 4001-1.RFS.RP.ORDER

3. The Motion is granted under:
   a. ☒ 11 U.S.C. § 362(d)(1)
   b. ☒ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 2                          F 4001-1.RFS.RP.ORDER

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: July 29, 2015

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                       Page 3                               F 4001-1.RFS.RP.ORDER

# United States Bankruptcy Court
## Central District of California Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, July 21, 2015**                                      **Hearing Room 1545**

**10:00 AM**
**2:14-32277**   **Joseph A Gayton**                                    **Chapter 7**

   **#14.00**   Hrg re: Motion for relief from stay [RP]

              THE BANK OF NEW YORK MELLON
              vs
              DEBTOR

                                Docket    69

**Tentative Ruling:**

   Grant as provided below. <u>Appearances are not required</u>.

   *Reasons:* This court has reviewed the debtor's opposition filed on 7/20/15 (not yet assigned a docket number as of the preparation of this tentative ruling). This court's analysis of the debtor's arguments is as follows:
       (a) <u>Alleged lack of service</u>. The debtor alleges that he never received the motion papers, and that he only discovered them when a friend checked the electronic docket. This court is not persuaded to deny the motion on this basis, for the following reasons.
       First, this court is bound by the "mailbox rule" which presumes that mailed documents were delivered (otherwise, it would be too easy for parties to deny having been served). Parties' remedy is to monitor the docket (as the debtor has done), or in extreme situations courts can order other methods of service such as requiring certified mail or overnight delivery with a receipt.
       Second, the debtor has made his arguments in his response. If he later can show that he did not have time to make an argument, he can move for reconsideration (under Rules 9023 or 9024 of the Federal Rules of Bankruptcy Procedure).
       (b) <u>Alleged lack of standing</u>. The debtor acknowledges that the promissory note is endorsed in blank, but he alleges that the movant (or its agent) might not have physical possession of the promissory note. The motion and supporting declaration allege the contrary (*see* dkt. 69 at, e.g., PDF p. 7) so the burden has shiften on the debtor to present contrary evidence and he has not done so.
       (c) <u>Alleged rescission</u>. The debtor alleges that he rescinded his refinance of the property nearly three years after that refinance. Although

## United States Bankruptcy Court
### Central District of California Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

Tuesday, July 21, 2015      Hearing Room   1545

10:00 AM
CONT...    **Joseph A Gayton**      **Chapter 7**

such rescission is conceivable in some extreme circumstances (*see, e.g., Jesinoski v. Countrywide Home Loans, Inc.*, __ U.S. __ (2015)), the debtor does not explain what circumstances would warrant such rescision in *his own* particular circumstances. In any event, assuming for the sake of discussion that the debtor had any such right, he can pursue whatever remedies he might have once the automatic stay is terminated.

(d) <u>Other issues</u>. Although the circumstances are very unfortunate, and it is very understandable to want to keep the family home, the remaining arguments in the debtor's opposition are also unpersuasive, and many of them previously have been rejected by this court. See *In re Gallagher*, 2012 WL 2900477 (Bankr. C.D. Cal.) (following *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011)); *In re Gallagher* (Case No. 2:12-bk-10213-NB, *supplemental Memorandum Decision*, dkt. 48); *In re Dahl* (Case No. 2:11-bk-11028-NB), *Memorandum Decision* (dkt. 75).

*Proposed order:* Movant is directed to serve and lodge a proposed order via LOU within 7 days after the hearing date. The proposed order should attach a copy of this tentative ruling, thereby adopting it as this court's final ruling.

*Relief to movant:*
(1) <u>Termination</u>. Terminate the automatic stay under 11 U.S.C. 362(d)(1) and (d)(2). Any co-debtor stay (11 U.S.C. 1301(c)) is also terminated, because it has not been shown to have any basis to exist independent of the stay under 11 U.S.C. 362(a). To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record. See *In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

(2) <u>Effective date of relief</u>. Deny the request to waive the 14-day stay provided by FRBP 4001(a)(3) for lack of sufficient cause shown.

If you wish to dispute the above tentative ruling, please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings".



# United States Bankruptcy Court
## Central District of California Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, July 21, 2015**     **Hearing Room 1545**

**10:00 AM**
**CONT...**    **Joseph A Gayton**     **Chapter 7**

**Debtor(s):**
   Joseph A Gayton     Pro Se

**Movant(s):**
   The Bank of New York Mellon FKA     Represented By
                                                               Mark D Estle

**Trustee(s):**
   David A Gill (TR)     Pro Se

FILED & ENTERED

AUG 27 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

Joseph A Gayton,

Debtor.

Case No.: 2:14-bk-32277-NB

CHAPTER 7

**ORDER DENYING MOTION FOR RECONSIDERATION**

NO HEARING REQUIRED.

This case was commenced on December 1, 2014, when the debtor filed a voluntary petition under chapter 13 with the hope of saving from foreclosure his personal residence located at 11850 Maple Street Whittier, California 90601 (the "Property"). Through an unsuccessful operation the debtor was rendered a paraplegic shortly prepetition. The debtor's disability, coupled with his being *pro se*, resulted in this case getting off to a rocky start: the debtor requested several extensions of the deadlines to file all the required documents listed in Federal Rule of Bankruptcy Procedure 1007(c) and requested that an order dismissing the case for failure to file necessary documents be vacated. Each one of these requests by the debtor was

Case 2:14-bk-32277-NB Doc 72 Filed 08/27/15 Entered 08/27/15 16:54:21 Desc
Main Document Page 2 of 5

1  granted.

2  Following the filing of objections to his chapter 13 plan the debtor consented at a
3  continued plan confirmation hearing to the dismissal of his case. Shortly after the order
4  dismissing the case was entered, the debtor filed a motion for reconsideration
5  requesting the dismissal order be vacated and that the case be converted to a
6  proceeding under chapter 7. This request was similarly granted and the case
7  proceeded as a chapter 7 case.

8  On June 29, 2015, The Bank of New York Mellon FKA The Bank of New York, as
9  Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED
10 CERTIFICATES, SERIES 2006-15 ("BONY") filed a motion for relief from the automatic
11 stay (dkt. 69, the "Stay Relief Motion") as to the Property and scheduled a hearing for
12 July 21, 2015. The day before the scheduled hearing the debtor filed an "emergency
13 motion" requesting additional time to oppose the Stay Relief Motion. The emergency
14 motion requested additional time on the basis that he had not learned of the motion until
15 a few days before the hearing (despite the proof of service attached to the Stay Relief
16 Motion showing that notice was proper). As to the merits of the Stay Relief Motion, the
17 debtor argued that BONY lacked standing and/or status as the "real party in interest"
18 because the debtor claimed to have "rescinded" the loan transaction relating to the note
19 and deed of trust through which BONY asserted an interest in the property by mailing a
20 notice of rescission within the period permitted under the Truth in Lending Act ("TILA").

21 At the July 21st hearing this Court opted to treat the debtor's "emergency motion"
22 as an opposition, denied the debtor's request for additional time, rejected the debtor's
23 arguments and granted the Stay Relief Motion. A formal written order was entered on
24 July 29th (dkt. 74, the "Stay Relief Order").

25 On August 12, 2015, the debtor filed a motion requesting that this court
26 reconsider its ruling granting relief from stay (dkt. 76, the "Motion for Reconsideration").
27 The Motion for Reconsideration by-and-large repeats the same arguments contained in
28 the debtor's "emergency motion": namely, that BONY lacks standings as a result of the

1  debtor's purported rescission of the loan agreement. This court has already rejected
2  those arguments, and they remain unpersuasive.
3        For purposes of establishing standing and/or real party in interest status, the
4  Bankruptcy Appellate Panel for the Ninth Circuit has reasoned that, "[g]iven the limited
5  nature of the relief obtained through a motion for relief from the stay . . . and because
6  final adjudication of the parties' rights and liabilities is yet to occur . . . a party seeking
7  stay relief need only establish that it has a colorable claim to enforce a right against
8  property of the estate." *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011) (citing *In re Gould*,
9  401 B.R. 415, 425 n. 14 (9th Cir. BAP 2009)). Relief from stay proceedings are
10 intended to be summary proceedings, and it is generally not appropriate to determine
11 the merits of the underlying claims in the relief from stay context. *See, e.g., In re*
12 *Johnson*, 756 F.2d 738, 740-41 (9th Cir. 1985) ("[h]earings on relief from the automatic
13 stay are thus handled in a summary fashion. The validity of the claim or contract
14 underlying the claim is not litigated during the hearing").
15       In this instance, the copies of the note (executed by the debtor and endorsed in
16 blank) and deed of trust (executed by the debtor and appropriately assigned from the
17 original beneficiary to BONY) which are attached to the Stay Relief Motion are sufficient
18 to establish that BONY has a 'colorable claim" to the property. The debtor asserts that
19 BONY lacks standing because the debtor timely rescinded the loan transaction related
20 to those documents under TILA. But determining that issue would require this court to
21 determine the merits of the debtor's TILA claims that TILA was violated and that he
22 properly rescinded the loan. That, in turn, would be a lengthy and drawn out process,
23 possibly necessitating discovery and an evidentiary hearing. Making that determination
24 would undermine the summary nature of relief from stay hearings. *See In re Johnson,*
25 *756 F.2d at 740.*
26       Even if this Court were to consider the debtor's arguments under TILA, those
27 arguments would be unpersuasive on the present record. TILA gives borrowers the
28 right to rescind a loan "until midnight of the <u>third business day following</u> the

consummation of the transaction or the <u>delivery of the [disclosures required by the Act]</u>, whichever is later, by notifying the creditor, in accordance with regulation of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. § 1635(a) (emphasis added). The debtor emphasizes that under TILA a borrower "need <u>only</u> provide written notice" of rescission for rescission to be effective (dkt. 76, p. 2:11) (emphasis in original). But the borrower first must be <u>eligible</u> to rescind under TILA. <u>Nowhere in the opposition to the Stay Relief Motion or in the Motion for Reconsideration does the debtor offer any persuasive explanation or evidence that the lender in fact violated TILA by not providing the required disclosures.</u> In this context, the debtor would have to provide a complete set of the loan documents and a declaration showing that the TILA disclosures were missing, and even then the creditor could show a "colorable claim" by submitting its own set of loan documents and a declaration that the TILA disclosures actually were not missing.

The debtor's evidentiary objections are overruled because the real property declaration attached to the motion (dkt. 69 at 7) is sufficient to authenticate the note and deed of trust attached to the Stay Relief Motion and those documents satisfy the business records exception to the rule against hearsay. *See* Fed. Rule of Evidence ("FRE") 803(6). The debtor's objection based on the "best evidence rule" is overruled because duplicates (*e.g.*, photocopies) are generally admissible to the same extent as the original and there is no assertion that the documents are fabricated or that it would otherwise be unfair to admit duplicates. *See* FRE 1003. The redactions to the note and deed of trust pointed out by the debtor appear to be inconsequential (and possibly intended to protect the debtor's privacy).

This court also notes that the debtor's rescission letter attached to the Motion for Reconsideration is itself unauthenticated. The debtor submitted a declaration (dkt. 72) in relation to his opposition to stay relief asserting that "[o]n July 26, 2009, I rescinded my mortgage and mailed the Notice of Rescission to all Parties in interest," but the letter attached to the Motion for Reconsideration is dated April 5, 2009. No explanation of this

apparent discrepancy is provided by the debtor (although it is not clear that this discrepancy ultimately matters, it illustrates that the debtor appears to be somewhat unclear as to the actual facts, which reinforces this court's conclusion that the debtor has not overcome the creditor's showing that it has a "colorable claim").

This court emphasizes that granting stay relief does not deprive the debtor of whatever rights he may have under TILA. The debtor (or, now that stay relief has been granted, the creditor) may have the right to file suit (in an appropriate forum) seeking, for example, to quiet title, or seeking a declaration of rescission, or any other relief (this court expresses no view whether any such claims actually exist or would be viable). But that does not change the fact that relief from the automatic stay is appropriate.

For the foregoing reasons, and those stated at the July 21st hearing, and those stayed it in the Stay Relief Order, it is hereby:

ORDERED that the Motion for Reconsideration is denied.

###

Date: August 27, 2015

Neil W. Bason
United States Bankruptcy Judge