1

2   Mark D. Estle, Esq. (CA Bar No. 135004)
    Erica T. Loftis, Esq. (CA Bar No. 259286)
    Buckley Madole, P.C.
3   12526 High Bluff Drive, Suite 238
    San Diego, CA 92130
4   Telephone (858) 720-0890
    Facsimile (858) 720-0092
5   Mark.Estle@BuckleyMadole.com

6   Counsel for The Bank of New York Mellon FKA The Bank of New
    York, as Trustee for the certificateholders of the CWABS, Inc.,
7   ASSET-BACKED CERTIFICATES, SERIES 2006-15

8
                    **UNITED STATES DISTRICT COURT**
9
         **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**
10

11  JOSEPH A. GAYTAN                    Case No. 2:15-CV-07250-JVS

12              Appellant,              Honorable Judge James V. Selma

13      vs.

14  THE BANK OF NEW YORK MELLON FKA     **APPELLEE'S OPPOSITION TO**
    THE BANK OF NEW YORK, AS TRUSTEE    **PETITION AND APPLICATION FOR**
15  FOR THE CERTIFICATEHOLDERS OF THE   **TEMPORARY RESTRAINING ORDER,**
    CWABS, INC., ASSET-BACKED           **TEMPORARY INJUNCTION AND**
16  CERTIFICATES, SERIES 2006-15,       **PERMANENT INJUNCTION AGAINST**
                                        **ALL DEFENDANTS; DECLARATION**
17              Appellee.               **OF JENNIE C. TRAN IN SUPPORT**
                                        **THEREOF**
18

19          Appellee The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

20  certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15

21  ("BONY") hereby opposes Appellant's Verified Exigent Application for Temporary Restraining

22  Order, Temporary Injunction, and Permanent Injunction Against All Defendants (hereinafter

23  referred to as "TRO"). This Opposition is made and based on the Points and Authorities attached

24  hereto, all pleadings and papers on file with this Court, and any oral argument that may be

25  presented at the time of hearing.

26  ///

27  ///

28  ///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Appellant filed this TRO in a last minute, last ditch effort to enjoin a non-judicial foreclosure sale of his property. The TRO was filed mere minutes before the sale took place on March 29, 2016, and the property has been sold to a third party. Accordingly, Appellant's TRO should be denied, as it has been rendered moot by the valid foreclosure sale.

### II.   FACTUAL AND PROCEDURAL SUMMARY

#### A.   Loan Origination and Default

This matter concerns the foreclosure proceedings related to the real property located at: 11850 Maple Street, Whittier, CA 90601 ("Property"). On or about July 26, 2006, Joseph A. Gaytan and Anita Shelina Gaytan (collectively referred to as "Borrowers") executed a Note promising to pay lender $360,000.00. A first priority Deed of Trust securing the loan was in-turn recorded on August 1, 2006 as Document No. 06-1700977 in the Official Records of the Los Angeles County Recorder's Office. *See* Request for Judicial Notice ("RJN"), Exhibit ("Ex.") 1. All beneficial interest under the Deed of Trust was subsequently assigned to BONY via an Assignment of Deed of Trust recorded on August 29, 2011 as Document No. 20111167336 in the Official Records of the Los Angeles County Recorder's Office. RJN, Ex. 2.

Borrowers subsequently defaulted on their loan, and foreclosure proceedings commenced. A Notice of Default and Election to Sell Under Deed of Trust was recorded on June 24, 2014 as Document No. 20140649589 in the Official Records of the Los Angeles County Recorder's Office. RJN, Ex. 3. A Notice of Trustee's Sale was recorded on October 24, 2014 as Document No. 20141128029 in the Official Records of the Los Angeles County Recorder's Office. RJN, Ex. 4. The foreclosure sale was scheduled on December 1, 2014, the very same day Appellant filed a Chapter 13 bankruptcy petition as case no. 2:14-bk-32277.

#### B.   Procedural History of the Bankruptcy Case

On June 29, 2015, BONY filed a motion for relief from the automatic stay (the "Stay Relief Motion") as to the Property and scheduled a hearing for July 21, 2015. A day before the hearing, Appellant filed an "emergency motion" requesting additional time to respond. On July

1  29, 2015, the bankruptcy court entered an Order granting the Stay Relief Motion (the "Stay
2  Relief Order"). RJN, Ex. 5. On August 12, 2015, Appellant then filed a motion requesting that
3  the bankruptcy court reconsider its ruling granting relief from stay (the "Motion for
4  Reconsideration"). On August 27, 2015, the court entered an Order Denying the Motion for
5  Reconsideration. RJN, Ex. 6. Appellant appealed to this Court on September 15, 2015. With
6  the Stay Relief Order entered, and the Motion for Reconsideration denied, foreclosure
7  proceedings re-commenced. As such, the duly appointed foreclosure trustee, the Law Offices of
8  Les Zieve, recorded a Notice of Trustee's Sale on November 20, 2015 as Document No.
9  20151459262 in the Official Records of the Los Angeles County Recorder's Office. RJN, Ex. 7.
10  The foreclosure sale was postponed several times and was scheduled on March 29, 2016, the
11  very same day Appellant filed the instant TRO.

12  ### III.  LEGAL AUTHORITY

13  A plaintiff seeking injunctive relief must show that (1) she is likely to succeed on the
14  merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the
15  balance of equities tips in her favor; and (4) an injunction is in the public interest. *Toyo Tire*
16  *Holdings Of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing
17  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249
18  (2008)). An injunction is also appropriate when a plaintiff raises "serious questions going to the
19  merits," demonstrates that "the balance of hardships tips sharply in [her] favor," and "shows that
20  there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance*
21  *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *The Lands Council*
22  *v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

23  ### IV.  ARGUMENT

24  ### A.  Appellant is Not Entitled to a TRO Because He is Unlikely to Succeed on the
25  ### Merits

26  As is evidenced by the procedural history of this case, Appellant has engaged in several
27  dilatory tactics to postpone the valid foreclosure sale of the Property. Appellant's TRO is the
28  latest, and should be the last, of such dilatory motions. The TRO makes unfounded allegations

3

1    that BONY has engaged in extortion of money by threatening to deprive Appellant of home and

2    personal property. *See* TRO, ¶ 5.  Notwithstanding the fact that the foreclosure sale is valid and

3    is a result of Appellant's default on *his* loan, Appellant does not offer any evidence to support

4    his allegations. He reiterates standing issues by claiming that BONY is not the interest holder of

5    the Note.

6         These allegations were already addressed and deemed unfounded by the bankruptcy court

7    at the hearing on the Stay Relief Motion, and again in the Order Denying the Motion for

8    Reconsideration.  As such, it's unlikely that Appellant can prevail on the merits again.

9    Furthermore, Appellant claims that BONY has not obtained Relief from Stay.  This is patently

10   false, as is evidenced by the Stay Relief Order that was entered, and which allows for the

11   foreclosure proceedings against the Property. RJN, Ex. 6.    Because Appellant cannot provide

12   evidence supporting his claim of BONY's wrongful conduct, and because BONY in fact has

13   been granted relief from the automatic stay, he is unlikely to succeed on the merits of the case.

14   As such, Appellant is not entitled to a TRO.

15                   **B. Appellant's TRO is Rendered Moot by the Foreclosure Sale**

16        When the act sought to be enjoined has actually occurred, an application for an order to

17   enjoin the act is now rendered moot.  Here, as supported by the Declaration of Jennie C. Tran

18   filed concurrently herewith (the "Tran Dec."), the foreclosure sale of the Property occurred on

19   March 29, 2016, and was sold to a third party for $429,500.00. *See* Exhibit A, attached to Tran

20   Dec.  The foreclosure sale Appellant is trying to prevent has already occurred, and Appellant's

21   TRO, and by extension his appeal, is now rendered moot.  Appellant's TRO should not be

22   granted because it cannot be enforced.  This is at no fault of BONY, who proceeded with a valid

23   foreclosure sale of the Property.    Accordingly Appellant is not entitled to a TRO.

24   ///

25   ///

26   ///

27   ///

28   ///

## V.   CONCLUSION

For the foregoing reasons, Appellee respectfully requests that this Court deny Plaintiff's TRO, and grant any further relief as it deems just and proper.

Dated: March 30, 2016

Respectfully Submitted,

Buckley Madole, P.C.

By:  */s/ Mark D. Estle*

MARK D. ESTLE
Attorney for Defendant

1

**DECLARATION OF JENNIE C. TRAN**

2  I, Jennie C. Tran, do affirm and state:

3  **1.**   I am over the age of eighteen (18) years, and in my capacity as an employee of

4  Buckley Madole, P.C., make this Declaration in Support of the Appellee's Opposition to

5  Petition and Application for Temporary Restraining Order, Temporary Injunction and

6  Permanent Injunction Against All Defendants.

7  **2.**   I have personal knowledge of the facts set forth herein and if called as a witness,

8  I could and would testify competently and truthfully as to those facts.

9  **3.**   On March 29, 2016, I received a copy of Appellant's Petition and Application for

10  Temporary Restraining Order, Temporary Injunction and Permanent Injunction Against All

11  Defendants (hereinafter referred to as "TRO").

12  **4.**  The Notice of Trustee's Sale attached to Appellant's TRO states that the current sale

13  information can be obtained online via elitepostandpub.com, or via phone at (714) 848-7920.

14  **5.**  On the same day, at approximately 1:35 p.m., I searched for the most current

15  foreclosure information relating to the real property located at: 11850 Maple Street, Whittier,

16  CA 90601 (the "Property"). I logged onto elitepostandpub.com, and searched by the T.S. Sale

17  No. 15-36538 that was listed on the Notice of Trustee's Sale.

18  **6.**   From this search, the website listed the Property's sale date as "Postponed to 3/29/2016

19  at 11:00 a.m." but did not specify whether the foreclosure sale had occurred, and the results of

20  such a sale.

21  **7.**   I then called (714) 848-7920 to speak to a representative at the Offices of Les Zieve, the

22  foreclosure Trustee. The representative advised that the sale was postponed to March 29, 2016,

23  but could not provide further information until the end of business day.

24  **8.**   At approximately 3:45 p.m. on March 29, 2016, I again called (714) 848-7920, and a

25  representative advised me that the Property had been sold to a third party for $429,500.00.

26  **9.**   On March 30, 2016, I again logged onto elitepostandpub.com and searched by the T.S.

27  Sale No. 15-36538.   The website listed that the Property was sold to a third party for

28  $429,500.00.   A true and correct copy of a screen print showing the sale results from

1    elitepostandpub.com is attached hereto as Exhibit A.

2           I declare under penalty of perjury under the laws of the State of California that the

3    foregoing is true and correct.

4           Executed this 30th day of March, 2016.

Jennie C. Tran

**PROOF OF SERVICE**

I am over the age of eighteen (18) years and not a party to the within action. My business address is:

**14841 Dallas Parkway, Suite 300**
**Dallas, Texas 75254**

On March 30, 2016, I served the following document (s):

**APPELLEE'S OPPOSITION TO PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS; DECLARATION OF JENNIE C. TRAN IN SUPPORT THEREOF**

on the following interested parties in this action described as follows:

*Appellant*
Joseph A Gaytan
11850 Maple Street,
Whittier, California 90601

**[X]     BY UNITED STATES MAIL:**   On <u>March 30, 2016</u>, I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>March 30, 2016</u>          <u>Bristol Cox</u>                              */s/ Bristol Cox*
*Date*                         *Printed Name*                          *Signature*

8

EXHIBIT A

