

1  Joseph A. Gaytan
2  11850 Maple Street
   Whittier, California 90601
3  562-533-5505
   *Without an Attorney*
4

5

6

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

8  JOSEPH A GAYTAN                          Case No: 2:15-CV-07250-JVS

9              Appellant,
                                            Honorable Judge James V. Selma
10       vs.

11                                          **APPELLANT'S RESPONSE AND**
    THE BANK OF NEW YORK MELLON FKA         **OBJECTION TO APPELLEE'S**
12  THE BANK OF NEW YORK, AS TRUSTEE        **"REQUEST FOR JUDICIAL NOTICE IN**
    FOR THE CERTIFICATEHOLDERS OF THE       **SUPPORT OF APPELLEE'S**
13  CWABS, INC., ASSET-BACKED              **OPPOSITION TO PETITION AND**
    CERTIFICATES, SERIES 2006-15.          **APPLICATION FOR TEMPORARY**
14                                          **RESTRAINING ORDER, TEMPORARY**
15              Appellee                    **INJUNCTION AND PERMANENT**
                                            **INJUNCTION AGAINST ALL**
16                                          **DEFENDANTS**
17

18

19

20       COMES NOW, the Appellant, Pro Se, hereby files this APPELLANT'S

21  RESPONSE AND OBJECTION TO APPELLEE'S "REQUEST FOR JUDICIAL

22  NOTICE IN SUPPORT OF APPELLEE'S OPPOSITION TO PETITION AND

23  APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY

24  INJUNCTION AND PERMANENT INJUNCTION AGAINST ALL

25  DEFENDANTS", and move the Court to strike said request or in the alternative

26  deny it in its entirety. In support, Appellant states as follows:

27  ///

28  ///

## UNDISPUTED FACTS:

1.      Appellant and Appellee do not dispute that on April 5, 2009, the Appellant and his spouse mailed their Notice of Rescission to Countrywide Home Loans, Inc. and ReconTrust Company, N.A.

2.      Appellant and Appellee do not dispute that Countrywide Home Loans, Inc. did not initiate an action against Appellant to invalidate the effected rescission.

3.      Appellant and Appellee do not dispute that, as a matter of law, all documents relating to the rescinded and un-consummated transaction identified in their Notice of Rescission rendered all related documents void.

4.      Appellant and Appellee do not dispute that on December 14, 2015, a certified letter was mailed to Appellee Noticing them that an Appeal had been filed. (see *Exhibit A*)

5.      Appellant and Appellee do not dispute that on December 14, 2015, a certified letter was mailed to Appellee putting them on Notice to cancel the sale because Appellant's Rescission had cancelled the Deed of Trust by operation of Federal Law. (see *Exhibit A*)

## I INTRODUCTION

By their Motion to Take Judicial Notice, Appellee The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15 improperly request this Court take Judicial Notice of documents that as a matter of law are void. Appellee cannot rely on said documents to establish their standing to obtain relief as they are void as a matter of law upon Appellant's and his spouse mailing of their notice of rescission. Appellee's request to take judicial notice of the contents of as a matter of law void documents, and asking this Court to judicially

notice said documents that have no legal force or effect, is improper.   As described in more detail infra, Defendant's Motion to take Judicial Notice should be denied in its entirety

## II. STANDARD OF REVIEW

Courts may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While a court may take judicial notice of a judicial or administrative proceeding which has a 'direct relation to the matters at issue,' a court can only take judicial notice of the existence of those matters of public record, but not of the veracity of the arguments and disputed facts contained therein. Similarly, a court may take judicial notice of the existence of certain matters of public record. A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted. United States v. S. Cal. Edison Co., 300 F.Supp. 2d 964, 974 (E.D. Cal. 2004) (emphasis added). "While the court may take judicial notice of the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." Id. at 975. "Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful fact finding." Korematsu v. United States, 584 F.Supp. 1406, 1415 (N.D. Cal. 1984). The Northern District's point is particularly salient where, as here, this Court is considering appeal on a motion to dismiss. "It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 392 n.7 (9th Cir. 2000);

Goelz, Watts & Batalden, Rutter Group Prac. Guide: Fed. Ninth Cir. Civ. App. Prac. § 4:221 at 4-33 (The Rutter Group 2014) (citations omitted). "Consideration of the[] documents is best left to the district court, not to the court of appeals for initial analysis." Center for Bio-Ethical Reform, Inc. v. City & County of Honolulu, 455 F.3d 910, 918 n.3 (9th Cir. 2006)

## ARGUMENT #1

### A. Appellee Ignored the Procedural Requirements for Bringing a Motion to Take Judicial Notice

Defendants uses the Motion as a vehicle to bring documents not made part of the record on appeal in this Court for analysis. Appellee fails to explain on what basis this Court should take judicial notice. This omission violates Fed. R. App. P. 27(a)(2)(A), which requires that a moving party "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." In fact, there is no basis for judicial notice: Appellee present neither a legislative nor an adjudicative fact subject to judicial notice. See Korematsu, supra, 584 F.Supp. at 1414 (legislative facts are "established truths, facts or pronouncements that do not change from case to case but [are applied] universally, while adjudicative facts are those developed in a particular case"), citing United States v. Gould, 536 F.2d 216, 220 (8th Cir. 1976).

Appellant move this Court to strike defendants' request for judicial notice or in the alternative to deny the motion/request in its entirety.

## ARGUMENT #2:

### B. Appellee has No Standing to Request Judicial Notice of Documents Deemed Void as a Matter of Law

Appellant objects to the request of Appellee that this Court take judicial notice of documents attached to its request and of its contents as they are void as a

- 4 -

matter of law upon mailing of the notice of rescission.  Appellee is attempting to have the void documents entered into record as evidence as if somehow Appellee may rely on them to establish standing.

WHEREFORE, Appellant, respectfully request this Court to strike Appellee's request to take judicial notice or in the alternative to deny the request in its entirety.

Dated:  April 6, 2016                    Respectfully submitted,

by: _____

Joseph A Gaytan, *Appellant*

- 5 -

# EXHIBIT A

**Joseph Gaytan**
**11850 Maple Street**
**Whittier California 90601**
December 14, 2015

Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: 714-848-7920
Fax: 714-848-7650

Referencing T.S. No. 15-36538        Certified Return Receipt No. 7014 3490 0060 2635
                                                                                                    4132

To Whom it May Concern;

I want to bring to your attention that a United States District Court of Appeal case is pending concerning my property. (CV 15-7250 JVS) *See Exhibit A*

You are attempting to sell my home on December 16, 2015 with an Appeal in place which concerns 15 U.S.C. § 1635(a) and 15 U.S.C § 1635(b) the Truth-In Lending Act (TILA) concerning Rescission. *See Exhibit B*. You must cancel the sale date until the appeal can be heard.

This is notice to you, that I Joseph Gaytan rescinded his loan and according to the unanimous Supreme Court Decision in *Jesinoski v. Countrywide Home Loans, Inc.* rescission is effective one notice is mailed, which I complied with, 15 U.S.C. § 1635(b) which effectively voided all contracts and debt. The Bank had 20 days to respond to my rescission, which they did not so the Deed of Trust and Note have been cancelled by Operation of Law.

On November 12, 2015 in Paatalo v JPMORGAN CHASE BANK, *See Exhibit C,* the United District Court Case No 6:15-cv-01420-AA, affirmed the Jesinoski Case and stated in the Opinion and Order and Chase Banks Motion to Dismiss was DENIED;

"Defendant argues this reading of Jesinoski cannot be correct because it means "a borrower's mere notice of rescission . . . automatically converts a secured lender into an unsecured lender, leaving the lender with no other remedy but to file suit to challenge the validity of a borrower's rescission." .....The Supreme Court implicitly rejected defendant's argument when it declared "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period."

You must cancel the Sale of my property because you do not have a valid Deed of Trust in your possession, because it has been cancelled by Operation of Federal Law

YOU HAVE BEEN NOTICED

Sincerely

Joseph Gaytan

# Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   **CV 15-7250 JVS**   (2:14-bk-32277 NB)          Date   December 8, 2015

Title   In re Joseph A. Gaytan: Joseph A. Gaytan v. The Bank of New York Mellon

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings:     **(IN CHAMBERS)**      **Order Granting Appellant's Motion for Extension of Time to File Initial Brief**

        The Court, having received and considered Appellant's Motion for Extension of Time to File Initial Brief filed on December 4, 2015, hereby GRANTS the appellant's motion.

        The Court ORDERS appellant to file his initial brief not later than January 15, 2016.    Responsive briefing shall be filed in accordance with the time frames set forth in the briefing schedule issued October 26, 2015 (Docket No. 9).

        The Court FURTHER ORDERS that the hearing on the bankruptcy appeal is CONTINUED to March 7, 2016 at 3:00 p.m.

| | | |
|---|---|---|
| | Initials of Preparer | kjt |

# Exhibit B

[RECORDING REQUESTED BY]
Law Offices of Les Zieve

[WHEN RECORDED MAIL TO:]
Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606

T.S. No. 15-36538                      APN: 8134-008-013

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

# NOTICE OF TRUSTEE'S SALE

### PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/26/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **JOSEPH A GAYTAN AND ANITA SHELINE GAYTAN, HUSBAND AND WIFE AS JOINT TENANTS**
Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE  Deed of Trust recorded 8/1/2006 as Instrument No. 06 1700977 in book , page    of Official Records in the office of the Recorder of Los Angeles County, California,
Date of Sale:**12/16/2015** at 11:00 AM
Place of Sale:     By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766
Estimated amount of unpaid balance and other charges: **$515,746.38**



# Exhibit C

**Paatalo v. J.P. Morgan Chase Bank et al | TILA RESCISSION | OPINION AND ORDER**

The Supreme Court implicitly rejected defendant's argument (JPMorgan Chase Bank) when it declared "rescission is effected" at the time of notice . . . . . The question here is what happens when the unwinding process is not completed and **neither party files suit** within the TILA statute of limitations.

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

Case No. 6:15-cv-01420-AA

WILLIAM J. PAATALO,
Plaintiff,

vs.

JPMORGAN CHASE BANK,
Defendant,

---

### OPINION AND ORDER

Case 6:15-cv-01420-AA  -  Filed 11/12/15

### Page 11 of 18 – OPINION AND ORDER

Defendant argues this reading of Jesinoski cannot be correct because it means "a borrower's mere notice of rescission . . . automatically converts a secured lender into an unsecured lender, leaving the lender with no other remedy but to file suit to challenge the validity of a borrower's rescission." .....The Supreme Court implicitly rejected defendant's argument when it declared "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period.

### PAGE 18 of 18 – OPINION AND ORDER

The timing of Jesinoski is also significant. Although foreclosing trustees and purchasers at trustee's sales have a significant interest in finality, consumers have a countervailing interest in avoiding wrongful foreclosure. Jesinoski revealed the majority of federal courts had "misinterpreted the will of the enacting Congress," Rivers, 511 U.S. at 313 n.12, in allocating to borrowers the burden to go to court to enforce their statutory rescission rights under TILA. Further factual development is necessary to determine what effect that revelation should have on the property rights of subsequent buyers of the property. Defendant's motion to dismiss is denied with leave for defendant to renew its arguments about the effect of the trustee's sale.

### CONCLUSION

Defendant's motion to dismiss (doc. 6) is DENIED. Defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 12th Day November 2015.

**Joseph Gaytan**
**11850 Maple Street**
**Whittier California 90601**
December 14, 2015

Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: 714-848-7920
Fax: 714-848-7650

Referencing T.S. No. 15-36538          Certified Return Receipt No. _____

To Whom it May Concern;

I want to bring to your attention that a United States District Court of Appeal case is pending concerning my property. (CV 15-7250 JVS) *See Exhibit A*

You are attempting to sell my home on December 16, 2015 with an Appeal in place which concerns 15 U.S.C. § 1635(a) and 15 U.S.C § 1635(b) the Truth-In Lending Act (TILA) concerning Rescission. *See Exhibit B*. You must cancel the sale date until the appeal can be heard.

This is notice to you, that I Joseph Gaytan rescinded his loan and according to the unanimous Supreme Court Decision in *Jesinoski v. Countrywide Home Loans, Inc.* rescission is effective one notice is mailed, which I complied with, 15 U.S.C. § 1635(b) which effectively voided all contracts and debt. The Bank had 20 days to respond to my rescission, which they did not so the Deed of Trust and Note have been cancelled by Operation of Law.

On November 12, 2015 in Paatalo v JPMORGAN CHASE BANK, *See Exhibit C,* the United District Court Case No 6:15-cv-01420-AA, affirmed the Jesinoski Case and stated in the Opinion and Order and Chase Banks Motion to Dismiss was DENIED;

"Defendant argues this reading of Jesinoski cannot be correct because it means "a borrower's mere notice of rescission . . . automatically converts a secured lender into an unsecured lender, leaving the lender with no other remedy but to file suit to challenge the validity of a borrower's rescission." …..The Supreme Court implicitly rejected defendant's argument when it declared "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period."

You must cancel the Sale of my property because you do not have a valid Deed of Trust in your possession, because it has been cancelled by Operation of Federal Law

YOU HAVE BEEN NOTICED

Sincerely

Joseph Gaytan

# Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.  **CV 15-7250 JVS**  (2:14-bk-32277 NB)        Date   December 8, 2015

Title   In re Joseph A. Gaytan: Joseph A. Gaytan v. The Bank of New York Mellon

---

Present: The
Honorable        James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:     **(IN CHAMBERS)**      **Order Granting Appellant's Motion for**
**Extension of Time to File Initial Brief**


The Court, having received and considered Appellant's Motion for Extension of Time to File Initial Brief filed on December 4, 2015, hereby GRANTS the appellant's motion.

The Court ORDERS appellant to file his initial brief not later than January 15, 2016.    Responsive briefing shall be filed in accordance with the time frames set forth in the briefing schedule issued October 26, 2015 (Docket No. 9).

The Court FURTHER ORDERS that the hearing on the bankruptcy appeal is CONTINUED to March 7, 2016 at 3:00 p.m.


Initials of Preparer        kjt

# Exhibit B

[RECORDING REQUESTED BY]
Law Offices of Les Zieve

[WHEN RECORDED MAIL TO:]
Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606

T.S. No. 15-36538                    APN: 8134-008-013

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

## NOTICE OF TRUSTEE'S SALE

### PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/26/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**Trustor: JOSEPH A GAYTAN AND ANITA SHELINE GAYTAN, HUSBAND AND WIFE AS JOINT TENANTS**
Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE  Deed of Trust recorded 8/1/2006 as Instrument No. 06 1700977 in book , page   of Official Records in the office of the Recorder of Los Angeles County, California,
Date of Sale: **12/16/2015** at 11:00 AM
Place of Sale:     By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766
Estimated amount of unpaid balance and other charges: **$515,746.38**



# Exhibit C

**Paatalo v. J.P. Morgan Chase Bank et al | TILA RESCISSION | OPINION AND ORDER**

The Supreme Court implicitly rejected defendant's argument (JPMorgan Chase Bank) when it declared "rescission is effected" at the time of notice . . . . . The question here is what happens when the unwinding process is not completed and \*\*neither party files suit\*\* within the TILA statute of limitations.

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

Case No. 6:15-cv-01420-AA

WILLIAM J. PAATALO,
Plaintiff,

vs.

JPMORGAN CHASE BANK,
Defendant,

_____

### OPINION AND ORDER

Case 6:15-cv-01420-AA  -  Filed 11/12/15

### Page 11 of 18 – OPINION AND ORDER

Defendant argues this reading of Jesinoski cannot be correct because it means "a borrower's mere notice of rescission . . . automatically converts a secured lender into an unsecured lender, leaving the lender with no other remedy but to file suit to challenge the validity of a borrower's rescission." …..The Supreme Court implicitly rejected defendant's argument when it declared "rescission is effected" at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period.

### PAGE 18 of 18 – OPINION AND ORDER

The timing of Jesinoski is also significant. Although foreclosing trustees and purchasers at trustee's sales have a significant interest in finality, consumers have a countervailing interest in avoiding wrongful foreclosure. Jesinoski revealed the majority of federal courts had "misinterpreted the will of the enacting Congress," Rivers, 511 U.S. at 313 n.12, in allocating to borrowers the burden to go to court to enforce their statutory rescission rights under TILA. Further factual development is necessary to determine what effect that revelation should have on the property rights of subsequent buyers of the property. Defendant's motion to dismiss is denied with leave for defendant to renew its arguments about the effect of the trustee's sale.

### CONCLUSION

Defendant's motion to dismiss (doc. 6) is DENIED. Defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 12th Day November 2015.



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

IRVINE CA 92606

| Postage | $ | $3.45 | | |
| Certified Fee | | $2.80 | 0442 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 $0.00 | 09 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | N/A N/A | | |
| Total Postage & Fees | $ | $0.71 $6.96 | | 12/14/2015 |

Sent To

Street & Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, July 2014                 See Reverse for Instructions

7014 2835 4133 0000 0490

---

SOUTH DOWNEY PO
DOWNEY, California
902429998
0544850442-0097
12/14/2015 (562)861-3035 04:49:49 PM

— Sales Receipt —

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| Vacation/Hold Mail Pickup | | | $0.00 |
| Vacation/Hold Mail Pickup | | | $0.00 |
| Vacation/Hold Mail Pickup | | | $0.00 |
| Vacation/Hold Mail Pickup | | | $0.00 |
| IRVINE CA 92606-3401 Zone-1 | | | $0.71 |

First-Class Mail Letter
1.40 oz.
Expected Delivery: Wed 12/16/15
@@ Certified Mail                              $3.45
USPS Certified Mail #:
70143490000028354132
Return Receipt                                 $2.80
Label #:
95909403051051173416329

========
Issue Postage:                                $6.96

Total:                                        $6.96

Paid by:
Debit Card                                    $6.96
  Account #:        XXXXXXXXXXXXX0019
  Approval #:       064946
  Transaction #:    982
  23903180958
  Receipt#:         003381

@@ For tracking or inquiries go to
USPS.com or call 1-800-222-1811.

Order stamps at usps.com/shop or
call 1-800-Stamp24. Go to
usps.com/clicknship to print

English          Customer Service          USPS Mobile                                    Register / Sign In

## ◢USPS.COM

# USPS Tracking®





Tracking Number: **70143490000028354132**

Expected Delivery Day: **Wednesday, December 16, 2015**

## Product & Tracking Information                                    Availa

**Postal Product:**                    **Features:**
First-Class Mail®                      Certified Mail™              Return Receipt

                                       **See tracking for related item:** 9590940305105173416329

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **December 16, 2015 , 10:37 am** | Delivered | **IRVINE, CA 92606** |

Your item was delivered at 10:37 am on December 16, 2015 in IRVINE, CA 92606.

| | | |
|---|---|---|
| December 16, 2015 , 5:27 am | Departed USPS Facility | SANTA ANA, CA 92799 |
| December 15, 2015 , 10:51 am | Arrived at USPS Facility | SANTA ANA, CA 92799 |
| December 15, 2015 , 1:41 am | Arrived at USPS Origin Facility | LOS ANGELES, CA 90052 |
| December 14, 2015 , 6:34 pm | Departed Post Office | DOWNEY, CA 90242 |
| December 14, 2015 , 4:48 pm | Acceptance | DOWNEY, CA 90242 |

English  Customer Service  USPS Mobile    Register / Sign In



# USPS Tracking®





Tracking Number: **95909403051051173416329**

Expected Delivery Day: **Friday, December 18, 2015**

## Product & Tracking Information

Avail:

**Postal Product:**
First-Class Mail®

**Features:**
USPS Tracking®

**See tracking for related item:** 70143490000028354132

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 14, 2015 , 4:48 pm | Return Receipt Associated | |

The U.S. Postal Service has received electronic notification on December 14, 2015 at 4:48 pm that you have associated a return receipt to your item.

## Track Another Package

**Tracking (or receipt) number**

Track It

Manage

Track all your p
No tracking nun

**Sign up for**

## **PROOF OF SERVICE**

I am over the age of eighteen (18) ears and not a party to the within action.  My address is:

_____

On April 6, 2016, I served the following document (s):

**DOCUMENT NAME**

On the following interested parties in this action described as follows:

**Mark David Estle**
**Erica Taylor Loftis**
Buckley Mandole PC
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
858-720-0890
858-720-0092 (fax)

[X]  **BY UNITED STATES MAIL**:  On April 6, 2016, I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     _____     _____
_Date_                    _Printed Name_              _Signature_