Case No. 2:15-cv-07250-JVS

## UNITED STATES COURT DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSEPH A. GAYTAN,

Appellant

vs.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-15,

Appellee

On Appeal from an Order of the United States Bankruptcy Court,

Central District of California, Los Angeles Division

The Honorable Neil W. Bason, Presiding Judge

Bankruptcy Case No.: 2:14-bk-32277-NB

## APPELLEE'S RESPONSE BRIEF

Mark D. Estle, Esq. (CA Bar No. 135004)
Erica T. Loftis, Esq. (CA Bar No. 259286)
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
Telephone (858) 720-0890
Facsimile (858) 720-0092
Mark.Estle@BuckleyMadole.com

*Attorneys for Appellee*

# **TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………1

II.     STATEMENT OF JURISDICTION……………………………………1

III.    ISSUES PRESENTED ON APPEAL…………………………………..1

IV.    STANDARD OF REVIEW……………………………………………..3

V.     STATEMENT OF CASE………………………………………………4

        A.    The Beginning Of The Bankruptcy Case…………………….....4

        B.    The Hearing On BONY's Motion For Relief…………………...6

        C.    The Final Order Reconfirming BONY's Relief From Stay………..8

VI.    ARGUMENT……………………………………………………………9

        A.    The Appeal is Moot Because the Property Has Been Sold………..9

        B.    Even If The Appeal Was Not Rendered Moot, The Bankruptcy
              Court's Ruling Should Be Affirmed Where There Is No
              Abuse Of Discretion……………………………………………12

        C.    Appellant's Issues On Appeal, If Not Already Rejected,
              Have Been Waived…………………….……………………18

VII.   CONCLUSION………………………………………………………21

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Gram Assoc. v. Lee-Vac, Ltd.,*
 630 F.2d 245 (5th Cir. 1980) ................................................................................10

*In re Delaney-Morin,*
 304 B.R. 365 (B.A.P. 9th Cir. 2003)........................................................................4

*In re Starky*
 522 B.R. 220 (B.A.P 9th Cir. 2014) ......................................................................19

*In re Sun Valley Newspapers, Inc.,*
 171 B.R. 71 (B.A.P. 9th Cir. 1994)........................................................................12

*In re Veal,*
 450 B.R. 897 (B.A.P. 9th Cir. 2011) ......................................................................17

*Johnson v. Righetti (In re Johnson)*
 756 F.2d 738 (9th Cir. 1985).. . ……………………………………………………13

*Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis),*
 113 F.3d 1040 (9th Cir. 1997) ................................................................................3

*Levesque v. Shapiro  (In re Levesque)*
 473 B.R. 331 (B.A.P. 9th Cir. 2012)  ....................................................................19

*Nat'l Mass Media Telecomm. Sys. v. Stanley*
 *(In re Nat'l Mass Media Telecom Sys.)*
 152 F.3d 1178 (9th Cir. 1998) ...................................................... 10, 11

*Sample v. Johnson,*
 771 F.2d 1335 (9th Cir. 1985) ...............................................................................11

*Warth v. Seldin,*
 422 U.S. 490 (1975) ...............................................................................................17

**Statutes**

11 U.S.C. § 301 .................................................................................................19

11 U.S.C. § 303 .................................................................................................19

11 U.S.C. § 362(d) .............................................................................................13

11 U.S.C. § 541 .................................................................................................19

15 U.S.C. § 1601. ....................................................................................... *passim*

15 U.S.C. § 1635(a). ..........................................................................................15

28 U.S.C. § 158 ...................................................................................................1

28 U.S.C. § 1334(e)(1) .......................................................................................20

**Federal Rules of Bankruptcy Procedure**

Fed. R. Bankr. Proc. 8013 ...................................................................................3

**Other Authorities**

U.S. Const. Article III, § 1, et seq. ......................................................................11

U.S. Const. Article III, § 2, cl. 2 .........................................................................11

## I.   <u>INTRODUCTION</u>

Appellant Joseph A. Gaytan, proceeding *pro se*, appeals from the bankruptcy court's order granting relief from the automatic stay, and the denial of the motion to reconsider such order, wherein the secured creditor was permitted to exercise its state law remedy and proceed with foreclosure of Appellant's property.   From the start, it appears that Appellant's litigious history was contrived to delay such foreclosure.   Appellant has proceeded without an attorney (despite advice to the contrary), filed multiple last minute motions, and has been granted numerous opportunities to file the proper papers and basically form a proper argument.   On appeal, all of Appellant's claims are nonjusticiable because they have been mooted by the foreclosure sale of Appellant's property.   Even without being mooted, such claims are either waived or have been reviewed and rejected by the bankruptcy court.

## II.   <u>STATEMENT OF JURISDICTION</u>

Federal district courts have jurisdiction to hear appeals of orders issued by bankruptcy courts pursuant to 28 U.S.C. § 158.

## III.   <u>ISSUES PRESENTED ON APPEAL</u>

Appellant presents his issues on appeal as follows:

1)     The court erred in not allowing Debtor to have sufficient time to prepare a more detailed response/objection to the motion for relief

1

from stay given the fact that Debtor is severely disabled and did not have notice of it until two days before the hearing.

2) The court erred in not setting the motion for an evidentiary hearing after receiving Debtor's objection to relief from stay given the issues brought up as well as TILA violations.

3) Knowing the court has no jurisdiction to hear Article III TILA issues, the court should have referred it to the District Court or at least sent its findings of fact and conclusions of law to the Federal District Court for review.

4) Debtor has timely rescinded the loan contract, and the lender ignored the fact. When telling the Court of it in the objection as well as at the hearing, the Court erred in not taking this information into consideration when making his decision.

5) Debtor has vested rights, natural rights, protected by the Constitution, which was ignored.

6) Did the court have jurisdiction to hear the motion for relief?

7) Did Movant have standing to bring the motion for relief?

8) The court erred in believing it had authority to question the rescission and to make a ruling in direct violation of the law.

2

9)    Movant lacked Constitutional standing as well as prudential standing to bring the motion for relief.

10)   Debtor did not receive equal protection under the law by the Court.

11)   Court lacked Constitutional and/or statutory authority to enter a final order granting relief from stay in this case.

12)   Debtor's vested right of acquiring, possessing, and protecting property is natural, inherent, and unalienable.

13)    A statute shall never have an equitable construction in order to overthrow or divest an estate.

14)   The Constitution expressly declares that the right of acquiring, possessing, and protecting property is natural, inherent, and unalienable.  It is a right not *ex gratia* from the legislature, but *ex debito* from the Constitution.  It is sacred; for it is further declared that the legislature shall have no power to add to, alter, abolish, or infringe any part of the Constitution.

## IV.    <u>STANDARD OF REVIEW</u>

The district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of facts for clear error.  Fed R. Bankr. Proc. 8013; *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1043 (9th Cir. 1997).  Further, a bankruptcy court's decision to grant a motion for relief from the

3

automatic stay is reviewed for an abuse of discretion.  Decisions committed to the bankruptcy court's discretion will be reversed only if "based on an erroneous conclusion of law or when the record contains no evidence on which the trial court rationally could have based that decision.  *In re Delaney-Morin,* 304 B.R. 365, 368 (B.A.P. 9th Cir. 2003).  Absent such a showing, a bankruptcy court's decision in this regard should be affirmed.

## V.   STATEMENT OF CASE

### A.   The Beginning Of The Bankruptcy Case

On December 1, 2014, Joseph A. Gaytan ("Appellant") filed a Chapter 13 bankruptcy petition (the "Voluntary Petition").  *See* Appellee's Excerpts of Record ("ER") filed concurrently herewith, 1.  After an extension was granted to file his bankruptcy schedules, Appellant filed on December 30, 2014 an Addendum to the Voluntary Petition that included his schedules.  ER 2.  He filed another Addendum to the Voluntary Petition on February 5, 2015.  ER 3.  This more recent Addendum included a "Schedule A – Real Property" that listed the real property located at: 11850 Maple Street, Whittier, California 90601 (the "Property"). ER 3, p. 68.   This Addendum also included a "Schedule D – Creditors Holding Secured Claims" that listed Specialized Loan Servicing LLC ("SLS" or the "Servicer") as holding a secured claim in the amount of $119,162.48.  ER 3, p. 73.  On June 5, 2015, Appellant filed an Amended Summary of Schedules that included a "Schedule F –

Creditors Holding Unsecured Nonpriority Claims" and listed SLS as holding an *unsecured* claim, the reason apparently being that the "contract [has been] rescinded per TILA and subject to setoff.  Security is void as a matter of law."  ER 4, p. 104.

On June 29, 2015, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15 ("BONY" or "Appellee"), as the secured creditor whose interest was affected by Appellant's non-payment of his loan, filed a Motion for Relief from the Automatic Stay in regards to the Property ("the Motion for Relief").  ER 5.  The Motion for Relief included the Promissory Note executed by Joseph A. Gaytan and Anita Shelina Gaytan wherein they promised to pay the lender $360,000.00 (the "Note").  ER 5, pp. 150 - 152.  The Motion for Relief also included the first priority Deed of Trust recorded on August 1, 2006 and securing the loan (the "Deed of Trust"), and the Assignment thereof, as exhibits evidencing BONY'S secured claim in the Property and its right to proceed with foreclosure. ER 5, pp. 131 – 18, and pp. 154 - 156.   A day before the scheduled hearing on the Motion for Relief, Appellant filed an Emergency Motion for Extension of Time to File Objection to Relief from Stay (the "Emergency Motion").   ER 6.   The Emergency Motion included Appellant's Objection to the Motion for Relief (the "Opposition to Motion for Relief") wherein Appellant alleged that BONY had no standing to bring the Motion for Relief due to Appellant's rescission of the loan

5

transaction (apparently perfected on April, 5, 2009) relating to the Note and Deed of Trust within the period of time allowed by the Truth in Lending Act of 1968 ("TILA," codified at 15 U.S.C. § 1601).  ER 6, pp. 166 - 167.  Appellant also filed a Declaration in support of his Opposition to the Motion for Relief, – one page, with no exhibits or attachments – wherein he stated that "on July 26, 2009 I rescinded my mortgage and mailed the Notice of Rescission to all Parties of interest. No one responded to my rescission letter."  ER 7.

### B.    The Hearing On BONY's Motion For Relief

The day before the hearing on the Motion for Relief, the bankruptcy court issued a tentative ruling excusing appearances and granting BONY's relief from stay, including reasons for such a ruling.  ER 9, pp. 201 - 203.  Appellant attended the hearing on the Motion for Relief, and requested a postponement of the hearing so that he could properly object to the Motion for Relief, and to request an evidentiary hearing.  ER 8, p. 189.  The bankruptcy court summed up the facts as follows: "There's a huge amount of arrears and it's a Chapter 7 case and there's no equity in the Property."  ER 8, p. 191.  However, according to Appellant, BONY was not entitled to relief from stay because the loan had been rescinded:

> MR. GAYTAN: This creditor – this Moda is not entitled.  The
>
> grant deed, like I told you, was a rescinding in April of 2009 and
>
> THE COURT:  Well, you – that's just a bare statement by you that

6

it was rescinded, but I don't think it was.  On the information that

I've got before me –

MR. GAYTAN: So give me time to prove it to you.

THE COURT:  – you can't – hang on.  You can't simply say, I

took a loan out three years ago or almost three years ago; now I'm

just going to rescind it.  That's generally not the way it works and

I've read the Supreme Court case.  I know what you're talking

about, but you've got to come up with a pretty high standard there

of what you have to show in order to be able to rescind it.

ER 8, pp. 192-193.

The bankruptcy judge granted relief from stay, but stayed relief for fourteen

(14) days to allow Appellant to hire an attorney and prove up his arguments.   ER

8, p. 195.   The bankruptcy judge also recapped to Appellant:

THE COURT:  – want to emphasize here to you, it's one thing if

you come in with a set of papers that shows some sort of

outrageous behavior by the lender and then I would likely

reconsider and give you an opportunity to really prove up your

case and to establish all of those things.

But otherwise, I don't think I even have a – I don't think it

would be proper under the Bankruptcy Code when there's a *prima*

7

*facie* validity, that means on its face the loan is – you've got the

money.   You haven't paid it back, and it's awfully hard to

overcome those set of facts…

ER 8, pp. 193 - 194.

### C.      <u>The Final Order Reconfirming BONY'S Relief From Stay</u>

The Order Granting Motion for Relief from the Automatic Stay was entered

on July 29, 2015 (the "Order Granting Relief").   ER 9.   Appellant filed a motion

requesting that the bankruptcy court reconsider its ruling granting relief from the

automatic stay (the "Motion for Reconsideration").   The Order Denying Motion for

Reconsideration was entered on August 27, 2015 (the "Order Denying

Reconsideration").   ER 10.   In this Order, the bankruptcy judge noted that

Appellant, in his Motion for Reconsideration, repeated the same arguments

contained in his Opposition to Motion for Relief; specifically that BONY lacks

standing due to Appellant's alleged rescission.   ER 10, pp. 205 – 206.    The

bankruptcy court stated that it had already rejected these arguments, but detailed its

reasoning nonetheless. ER 10, pp. 205 – 208.

The bankruptcy court concluded that the Note and Deed of Trust (executed

by Appellant and assigned from the original beneficiary to BONY) attached to the

Motion for Relief were sufficient to establish its "colorable" claim to the Property.

ER 10, p. 206.  Furthermore, the bankruptcy court concluded that, even if it were to

consider Appellant's arguments under TILA, the facts on the record would remain unpersuasive, since Appellant did not offer any evidence that BONY even violated TILA by failing to provide the required disclosures.   ER 10, pp 206 - 207. Appellant's litany of facts were also unauthenticated and inconsistent (i.e. the date on which Appellant rescinded his loan,).   ER 10, pp. 207 - 208.   Finally, the bankruptcy court overruled Appellant's evidentiary objection, since BONY's Motion for Relief included a declaration authenticating the Note and Deed of Trust. ER 10, p. 207.

Appellant filed a Notice of Appeal and Statement of Election on September 9, 2015.  ER 11.   As this Court is aware, the appellate proceedings have also been rife with last minute filings and dilatory tactics to prevent the sale of the Property. Having been granted relief from the automatic stay (and said relief being effectively reconfirmed by the Order Denying Reconsideration), BONY proceeded with foreclosure.   The foreclosure sale occurred on March 29, 2016, and the Property was sold to a third party for $429,500.00.   *See* Supplemental Designation of Additional Items to be Included in the Record on Appeal ("SDR") filed concurrently herewith for the Trustee's Deed Upon Sale, Exhibit ("Ex.") 1; *see also* Appellant's Verified Exigent Emergency Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction Against all Defendants filed in this instant case as document no. 18 (the "TRO"), as well as the Court's Order

denying the same and entered as document no. 21.

## VI.   ARGUMENT

### A.   The Appeal Is Moot Because The Property Has Been Sold

Appellant appeals from the Order Granting Relief, and from the Order Denying Reconsideration, both of which permit BONY to enforce the state remedies available to it outside of bankruptcy.   In this case, the remedy (that Appellant is striving to prevent) is the foreclosure of the Property.     However, the foreclosure of the Property has already occurred, and the appeal that was initiated to prevent such a proceeding is now moot.   Here, the foreclosure sale was held on March 29, 2016, and the Property was purchased by third party purchaser GB Inland Properties for $429,500.00, which is considerably less than the amount of the unpaid debt of $523,977.18.   SDR, Ex. 1.

An appeal is mooted where the property is sold by a nonjudicial foreclosure sale to a third party pending the appeal.   *Nat'l Mass Media Telecomm. Sys. v. Stanley (In re Nat'l Mass Media Telecomm. Sys.),* 152 F.3d 1178, 1180-1181 (9th Cir. 1998).   (Failure actually to stay a foreclosure sale generally renders an appeal regarding that sale moot"); *see also Am. Grain Assoc. v. Lee-Vac, Ltd.* 630 F.2d 245, 247 (5th Cir. 1980) ("[T]he consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final...Thus, in the absence of a stay, action of a character which cannot by reversed by the court of

appeals may be taken in reliance on the lower court's decree….Under such circumstances the appeal will be dismissed as moot."). Furthermore, "[f]ederal courts lack jurisdiction to decide moot cases because their constitutional authority only extends to actual cases or controversies." *Sample v. Johnson,* 771 F.2d 1335, 1338 (9th Cir. 1985); *see also* U.S. Const. Art. III § 2, cl. 2. More aptly put, "the sale of the debtor's property to a nonparty renders the appeal of a debtor seeking only a return of its property constitutionally moot, since it is impossible for the court to grant any relief. *Nat'l Mass Media Telecomm. Sys. v. Stanley (In re Nat'l Mass Media Telecomm. Sys.),* 152 F.3d 1180 (9th Cir. 1998); *see also* U.S. Const. Art. III, § 1 et seq.

Here, the bankruptcy court granted relief from the automatic stay, and the Order Granting Relief was entered on July 29, 2015. ER 8. Appellant tried to delay foreclosure by filing another last minute motion, the Motion for Reconsideration, but this too was denied. The Order Denying Reconsideration was entered on August 27, 2015, and confirmed that BONY was granted the relief allowing it to exercise its available state remedies and proceed with foreclosure. ER 10. At this point, had Appellant wished to proceed with his TILA arguments, he could have filed suit in the appropriate forum seeking to quiet title, or seeking declaratory relief as to a rescission, or any other relief, as was emphasized by the bankruptcy court. ER 10, p. 208. Instead, Appellant chose to appeal the

11

bankruptcy court's ruling to this Court in hopes to delay the foreclosure yet again. As such dilatory tactics hold no legal authority to stop foreclosure, the Property was sold on March 29, 2016.  SDR, Ex. 1.  This Court has already denied as moot Appellant's TRO, as it was filed on the foreclosure sale date and was designed to deprive BONY of its opportunity to be heard.  Likewise, this appeal is designed to deprive BONY of its remedy – that of foreclosure.   Now that the Property has been sold, there is little recourse available to Appellant in this Court.  Because BONY was granted relief from stay, and because the Property has already been sold to a third party, the appeal from the Order Granting Relief is now rendered moot, since it is impossible for this Court to grant or even fashion any type of relief. Accordingly, the appeal should be dismissed.

### B. Even If The Appeal Was Not Rendered Moot, The Bankruptcy Court's Ruling Should Be Affirmed Where There Is No Abuse Of Discretion

Should this Court decide that the appeal is not moot, it should still affirm the bankruptcy court's ruling where there is no abuse of discretion.  A reviewing court cannot reverse the lower court's decision regarding relief from stay "unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."   *In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 74 (B.A.P. 9th Cir. 1994). Significantly, Appellant is appealing from the Order Granting Relief, and motion

12

for relief from stay proceedings are handled in a *summary fashion*.  Consequently, issues are generally limited to the grounds for relief stated in 11 U.S.C § 362(d) – i.e. lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization.  *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985).

From the available record, the bankruptcy court granted relief from stay based on the facts presented: the substantial amount of arrears, Appellant's Chapter 7 petition designed by the Bankruptcy Code to liquidate, rather than reorganize estates, and the lack of equity in the this Property.  ER 8, p. 191.   At the hearing on the Motion for Relief, Appellant voiced several arguments (detailed below) that exceeded this limited scope of issues, and yet the bankruptcy court addressed them in both the Order Granting Relief, and in the Order Denying Reconsideration. Appellant reiterates these issues on appeal, yet fails to provide additional evidence or legal authority to support reversal of the Order Granting Relief or of the Order Denying Reconsideration.   Clearly, where the bankruptcy court is presented the facts of Appellant's bankruptcy and even considers his extraneous arguments, there is no abuse of discretion.  Appellee now addresses these issues again for purposes of this appeal.

First, Appellant states that the bankruptcy court erred in not allowing him sufficient time to prepare a more detailed response or opposition, considering that

he is severely disabled and allegedly did not receive proper notice.  Appellant also states that counsel for BONY did not file a certificate of service showing service of the Motion for Relief.  *See* Appellant's Initial Brief, p. 17.  The facts on record show otherwise.  The bankruptcy court had, in fact and per the tentative ruling, reviewed and treated Appellant's pleadings as an opposition (ER 9, p. 201); further, the bankruptcy court had reviewed and ruled on Appellant's arguments in his Motion to for Reconsideration.  ER 10, pp. 204 – 208.   Appellant has had ample time to substantially respond to the Motion for Relief.  Further, BONY did file a proof of service that was attached to its Motion for Relief, and is part of the record on appeal.  ER 5, p. 129.  Accordingly, the bankruptcy court overruled Appellant's lack of service argument. Because Appellant has responded to the Motion for Relief, and because the bankruptcy court has reviewed and overruled such arguments based on the facts presented, there is no abuse of discretion here.

Second, Appellant states the bankruptcy court erred in not setting an evidentiary hearing on the Motion for Relief given his objections and TILA arguments in his response.  As a preliminary matter, Appellant cannot argue that his response to the Motion for Relief is insufficient enough to compel this Court to grant more time, while concurrently claiming that such a response is cohesive enough to warrant an evidentiary hearing. The bankruptcy court again overruled this argument based on the facts presented.  The real property declaration attached

14

to the Motion for Relief served to authenticate the Note, Deed of Trust, and Assignment evidencing BONY's interest in the Property. ER 10, pp. 205 – 206. On the other hand, Appellant's rescission letter was unauthenticated, and the dates regarding such rescission were inconsistent.   ER 10, pp. 207-208.   Based on the facts presented, the bankruptcy court did not set an evidentiary hearing. ER 10, p. 207.  Because the bankruptcy court had reviewed the facts on record and concluded that an evidentiary hearing was unnecessary, there is no abuse of discretion here.

Third, Appellant states that since the loan has been rescinded, the bankruptcy court erred in not considering the information when granting the Motion for Relief and denying the Motion for Reconsideration.   Appellant goes so far as to state that all that is needed to show that the loan was rescinded is written notice.  Appellant's Initial Brief, p. 15.   This statement is a blatant generalization, and as indicated on the record, the bankruptcy court discussed the failure of Appellant's rescission argument at length and rejected it because Appellant failed to even prove the threshold issue of eligibility. ER 10, pp. 206-208.

TILA gives a borrower the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the *delivery of the [disclosures required by the Act],* whichever is later, by notifying the creditor…" 15 U.S.C § 1635(a).  Appellant stresses that he rescinded the loan (on which date, we can only assume).  Yet to rescind a loan, one must first be eligible to rescind

the loan under TILA, and Appellant failed to show this eligibility.  ER 10, p. 207.

He failed and still fails to submit any evidence that BONY violated TILA by not

providing the disclosures required by the Act.

As such, the record clearly shows that the bankruptcy court had considered

and refused Appellant's argument regarding rescission.  Appellant's reiteration that

he had rescinded the loan does not make it true or legally binding.   The bankruptcy

judge explained this to Appellant at the hearing on the Motion for Relief.  ER 8,

pp. 192 – 193.   The Order Denying Reconsideration points out the discrepancy

between the dates of when Appellant claims to rescind the loan.  ER 10, pp. 207–

208.  Appellant's bankruptcy schedules, refiled twice as Addendums, show SLS

holding a secured claim on the Property.  ER 2 and 3.  However, a mere four (4)

months later, Appellant filed an Amended Summary of Schedules listing SLS as

the holder of an unsecured claim because the loan was apparently rescinded.  ER

4, p. 104.   Appellant's Initial Brief includes the same Declaration attached to his

Motion for Reconsideration.  It is clear that the bankruptcy court did consider and

review Appellant's rescission argument and, based on the present facts and

prevailing law, deemed it groundless.  As such, there is no abuse of discretion here.

Finally, Appellant again brings up issues of standing, stating on appeal that

BONY lacks Constitutional standing, as well as prudential standing to bring the

Motion for Relief.  The bankruptcy court has already overruled such an argument.

16

Appellant again asserts that BONY fails to prove that it is a "Real Party in Interest," or a "creditor," and that BONY cannot prove the debt.  Appellant's Initial Brief, p. 10.

Standing is a threshold question in all federal cases.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  In a bankruptcy case, a party's prudential standing depends on the context of the pleading brought before the court.  *See generally, In re Veal,* 450 B.R. 897 (B.A.P. 9th Cir. 2011) (applying different standards for prudential standing for a Motion for Relief from a Proof of Claim).  In order for a party moving for relief from the automatic stay to show that they have standing to bring the Motion, the party must show that they are a "real party in interest."  *In re Veal*, 450 B.R. at 908.  A creditor is a real party in interest if it has a "colorable claim to enforce a right against property of the estate." *In re Veal*, 450 B.R. at 914–915.

Here, BONY included a copy of the Note executed by Appellant, as well as the Deed of Trust also executed by Appellant and assigned from the original beneficiary to BONY. ER 5, pp. 132 – 156.  The bankruptcy court ruled that this was sufficient to establish BONY's "colorable claim" to the Property.  ER 10, p. 206.  Additionally, BONY provided a declaration to authenticate these documents, thereby shifting the burden to Debtor to prove otherwise.  ER 9, p. 201.  Even though the standing issue is now a moot point, Appellant's poorly pled and poorly timed arguments should not survive, and this appeal should be dismissed in its

17

entirety.  The record shows that the bankruptcy court, having considered the facts on the record and applying it to the law, did not abuse its discretion when granting relief from stay.  The bankruptcy court was thorough, even sympathetic to Appellant's difficulties, by granting multiple extensions, explaining the issues, and offering some advice.  Based on the facts of the record, and because there is no abuse of discretion, the bankruptcy court decision should be affirmed, and the appeal dismissed.

### C.   <u>Appellant's Issues On Appeal, If Not Already Rejected, Have Been Waived</u>

Appellant also presents several issues on appeal for the first time.  These include the following:

10) Debtor did not receive equal protection under the law by the Court.

11) Court lacked constitutional and/or statutory authority to enter a final order granting relief from stay in this case.

12) Debtor's vested right of acquiring, possessing, and protecting property is natural, inherent, and unalienable.

13) A statute shall never have an equitable construction in order to overthrow or divest an estate.

14) The Constitution expressly declares that the right of acquiring, possessing, and protecting property is natural, inherent, and unalienable.  It is a right not *ex gratia* from the legislature, but *ex*

*debito* from the Constitution.  It is sacred; for it is further declared that the legislature shall have no power to add to, alter, abolish, or infringe any part of the Constitution.

From what BONY can discern, these poorly pled and vague issues have been waived, and as such, should be summarily rejected by this Court.  Ordinarily, if an issue is not raised before the bankruptcy (trial) court, it will not be considered on appeal, and will be deemed waived.  *In re Starky,* 522 B.R. 220, 230 (B.A.P 9th Cir. 2014); *Levesque v. Shapiro (In re Levesque),* 473 B.R. 331, 395 (B.A.P. 9th Cir. 2012).  Here, Appellant brings up several issues regarding the constitutionality of the court, the statute, and his rights for the first time.   As this is the first time Appellant has pled such issues in both the bankruptcy court and this instant Court, such issues should be waived.

As to Appellant's allegation that the bankruptcy court does not have jurisdiction to rule on the Motion for Relief, this is a contradiction in itself.   By virtue of Appellant filing his Voluntary Petition (ER 1), he commenced a case in the bankruptcy court and created a bankruptcy estate comprised of every interest he holds in property of any kind as of the petition date.  *See* 11 U.S.C.  §§ 301, 303, and 541.   The bankruptcy court in which the case is commenced is the proper forum for its administration; administration here includes motions and adversary proceedings brought by or against the debtor (the Appellant), by the bankruptcy

19

trustee, or by third parties regarding the debtor's property or bankruptcy estate. BONY's Motion for Relief seeking relief from the automatic stay as to the Property is one such motion.  ER 5.  Appellant cannot file for bankruptcy, and then ask that a motion (and the order granting such motion) seeking to administer his bankruptcy be stricken for lack of jurisdiction.  Furthermore, 28 U.S.C. § 1334(e)(1) grants exclusive jurisdiction of  "all property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate."  Because Appellant filed his Voluntary Petition and included the Property in his schedules, the Property was included in the bankruptcy estate, and the bankruptcy court had jurisdiction to rule on the Motion for Relief as to the Property.

Appellant is appealing the Order Granting Relief, as well as the Order Denying Reconsideration. The issues on appeal here are limited, and Appellant's addition of these Constitutional and jurisdictional issues are a desperate attempt to retain Property already sold.  By foreclosing on the Property, BONY has not deprived Appellant of any inalienable rights; rather, BONY merely sought to collect on the debt that Appellant failed to pay.  Appellant's dramatization of the issues should not be permitted.  As such, because these issues have been waived, this appeal should be dismissed in its entirety.

## VII.   <u>CONCLUSION</u>

Based on the foregoing, this Court should affirm the judgment below and dismiss the appeal.

Dated: May 6, 2016                              Respectfully Submitted,

                                                Buckley Madole, P.C.

                                By:     <u>*/s/ Mark D. Estle*</u>
                                        MARK D. ESTLE
                                        Attorney for Appellee

21

## <u>APPELLEE'S CERTIFICATION OF INTERESTED PARTIES</u>

Pursuant to Local Rule 8009-4.1 Governing Bankruptcy Appeals, Cases, and Proceedings, Appellee The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15 ("BONY") submits this Certification As To Interested Parties, as prescribed by Local Civil Rule 7.1-1. The undersigned counsel of record for Appellee certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal:

| | |
|---|---|
| <u>Appellant</u>: | Joseph A. Gaytan |
| <u>Appellee</u>: | The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15 |
| <u>Interested Party</u>: | Specialized Loan Servicing, LLC |
| <u>Chapter 7 Bankruptcy Trustee</u>: | David Gill |

Dated: May 6, 2016                                        Respectfully Submitted,

                                                                    Buckley Madole, P.C.

                                            By:    <u>*/s/ Mark D. Estle*</u>
                                                      MARK D. ESTLE
                                                      Attorney for Appellee

22

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

**Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[X]    this brief contains **4,799** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), ***or***

[ ]    this brief uses a monospaced typeface and contains **<state the number of>** lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]    this brief has been prepared in a proportionally spaced typeface using **Microsoft Word 2013, using Times New Roman, 14-point font,** *or*

[ ]    this brief has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Dated: May 6, 2016                                  Respectfully Submitted,

                                                                    Buckley Madole, P.C.

                                                    By:    *<u>/s/ Mark D. Estle</u>*
                                                                    MARK D. ESTLE
                                                                    Attorney for Appellee

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 301 East Ocean Boulevard, Suite 1720, Long Beach, California 90802.

On May 6, 2016, I served the foregoing document(s) described as: **APPELLEE'S RESPONSE BRIEF; APPELLEE'S EXCERPTS OF RECORD IN SUPPORT OF BRIEF ON APPEAL** on the following interested parties in this action described as follows:

| VIA U.S. MAIL | Appellant Joseph A. Gaytan<br>11850 Maple Street,<br>Whittier, CA 90601 |
|---|---|
| **VIA PERSONAL DELIVERY** | Hon. James V. Selna<br>United States District Court<br>411 West Fourth Street, Room 1053,<br>Courtroom 10C – 10th Floor<br>Santa Ana, CA 92701 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed this 6th day of May, 2016 at Long Beach, California.

/s/ *Jennie C. Tran*
Jennie C. Tran

24